UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KYLE LAMAR PASCHAL-BARROS,<br>*Plaintiff*, | : <br> : <br> : | |
| v. | : | No. 3:18-CV-2157 (VLB) |
| SCOTT SEMPLE, et al.<br>*Defendants.* | : <br> : <br> : | February 5, 2019 |

## ORDER OF SERVICE

The Court hereby amends its order on January 31, 2019 (Order No. 9) and issues the following orders on the complaint (Dkt. No. 1) and motion for preliminary injunction (Dkt. No. 7):

(1) The Eighth Amendment claim for deliberate indifference to medical needs shall proceed against defendants Frayne, Chaplin, Patel, Pieri, Gagne, and John Doe 2 in their individual capacities.

(2) The Eighth Amendment claims against defendant Semple and John Doe 1 in their individual capacities are dismissed without prejudice for failure to sufficiently allege personal involvement. If the plaintiff believes he can allege facts, and not just conclusory allegations, showing how Semple and Doe 1 were personally involvement in the alleged constitutional deprivation, he may file an amended complaint within thirty (30) days from the date of this Order. The claim against Semple in his official capacity is dismissed with prejudice as he is no longer the Commissioner of the Department of Correction ("DOC").

(3) The clerk shall verify the current work addresses for Frayne,

Chaplin, Patel, Pieri, and Gagne with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint (Dkt. No. 1), motion for preliminary injunctive relief (Dkt. No. 7), and supporting memorandum of law (Dkt. No. 8) to each defendant at the confirmed address within twenty-one (21) days of this order, and report to the Court on the status of the waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the clerk shall make arrangements for in-person service by the U.S. Marshal Service on him/her, and he/she shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) The clerk shall mail a courtesy copy of the complaint (Dkt. No. 1), motion for preliminary injunctive relief (Dkt. No. 7), supporting memorandum (Dkt. No. 8), and this Order to the DOC Office of Legal Affairs and to Attorney Terrence O'Neill, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105.

(5) Frayne, Chaplin, Patel, Pieri, and Gagne shall file their responses to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(6) Frayne, Chaplin, Patel, Pieri, and Gagne shall file an order to

show cause within thirty (30) days from the date the notice of lawsuit and waiver forms are mailed to them explaining why the Court should not grant the requested relief in the plaintiff's motion for preliminary injunction (Dkt. No. 7); specifically, an order removing him from solitary confinement at Northern Correctional Institution and transferring him to Connecticut Valley Hospital for psychiatric observation and treatment.

(7) The Court is also requesting the defendants' assistance in identifying defendant John Doe 2.  Within 120 days from the date of this Order, the defendants shall file a notice with the Court indicating the identity of this defendant.

(8) Discovery, pursuant to Fed. R. Civ. P. 26-37, shall be completed within six months (180 days) from the date of this order.  Discovery requests need not be filed with the Court.

(9) All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

(10)    Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(11)    If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the Court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is

incarcerated.  The plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.

SO ORDERED this 5th day of February, 2019 at Hartford, Connecticut.

                                                /s/
                              VANESSA L. BRYANT
                              UNITED STATES DISTRICT JUDGE